Joshua B. Swigart (SBN 225557)
Josh@SwigartLawGroup.com
Spencer L. Pfeiff (SBN 343305)
Spencer@ SwigartLawGroup.com
**SWIGART LAW GROUP, APC**
2221 Camino del Rio S, Ste 308
San Diego, CA 92108
P: 866-219-3343

Daniel G. Shay (SBN 250548)
DanielShay@TCPAFDCPA.com
**LAW OFFICE OF DANIEL G. SHAY**
2221 Camino del Rio S, Ste 308
San Diego, CA 92108
P: 619-222-7429

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON RENDON, individually and on behalf of others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> CHERRY CREEK MORTGAGE, LLC, <br><br> Defendant. | Case No.: 3:22-cv-01194-BEN-MSB <br><br> **CLASS ACTION** <br><br> FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF: <br><br> FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681 ET SEQ. <br><br> CONSUMER CREDIT REPORTING AGENCIES ACT, CAL. CIV. CODE § 1785 ET SEQ. <br><br> JURY TRIAL DEMANDED |

First Amended Complaint

# INTRODUCTION

1.     The United States Congress has found that the banking system is dependent upon fair and accurate credit reporting. Inaccurate consumer reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. As such, Congress enacted the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq, to insure fair and accurate reporting, promote efficiency in the banking system and protect consumer privacy. The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

2.     The California legislature also determined that accurate credit reporting is vital and enacted the California Consumer Credit Reporting Agencies Act ("CCRAA"), Cal. Civ. Code § 1785.1 et seq.

3.     Aaron Rednon ("Plaintiff"), individually and on behalf of all others similarly situated California residents ("Class Members"), brings this action to challenge the conduct of Cherry Creek Mortgage, LLC ("CCM" or "Defendant") and its present, former, or future direct and indirect parent companies, subsidiaries, affiliates, agents, related entities for the obtaining consumer reports without a permissible purpose in violation of 15 U.S.C. § 1681b(f) and Cal. Civ. Code § 1785.31(a)(3).

4.     Plaintiff makes these allegations based on personal knowledge and investigation conducted by Plaintiff's attorneys.

5.     While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

6.  Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

7.  Unless otherwise indicated, the use of a Defendant's names in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant named.

## JURISDICTION AND VENUE

8.  Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1681p, and 28 U.S.C. § 1367 for supplemental state claims.

9.  The action arises out of Defendant's violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681, et seq, and the California Consumer Credit Reporting Agencies Act ("CCRAA"), Cal. Civ. Code § 1785.1 et seq.

10.  Because Defendant is authorized to and regularly conducts business in the State of California, personal jurisdiction is established.

11.  Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides within this judicial district, (ii) the conduct complained herein occurred within this judicial district and (iii) Defendant conducts business within this judicial district at all times relevant.

## PARTIES & DEFINITIONS

12.  Plaintiff is a natural person who resides in San Diego County and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c) and Cal. Civ. Code § 1785.3 (b).

13.  CCM is a finance company that conducts business in San Diego County. CCM is a furnisher of information under 12 CFR § 1022.41(c) because it regularly, and in the ordinary course of business, furnishes information relating to consumers to one or more consumer reporting agencies for inclusion in consumer reports. CCM also furnishes information to consumer reporting agencies about consumer transactions or experiences with consumers like Plaintiff and is bound by U.S.C.

3

First Amended Complaint

1  1681s-2. CCM is a "person" as defined by 15 U.S.C. § 1681a(b) and Cal. Civ.

2  Code § 1785.3(j).

3  14.  The causes of action herein pertain to Plaintiff's "consumer report" under 15 U.S.

4  Code § 1681a(d) and Plaintiff's "consumer credit report" under Cal. Civ. Code §

5  1785.3(c), in that inaccurate representations of Plaintiff's credit worthiness,

6  credit standing and credit capacity were made via written, oral, or other

7  communication of information by a consumer credit reporting agency, which is

8  used or is expected to be used, or collected in whole or in part, for the purposes

9  of serving as a factor in establishing Plaintiff's eligibility for, among other things,

10  credit to be used primarily for personal, family, household and employment

11  purposes.

12  **FACTUAL ALLEGATIONS**

13  15.  Around July 6, 2022, Plaintiff received notice from Credit Karma that Defendant

14  conducted a credit inquiry on Plaintiff's credit file and Plaintiff's credit score

15  decreased.

16  16.  However, Plaintiff did not apply for any credit with Defendant and did not

17  authorize Defendant to obtain Plaintiff's consumer credit reports for any reason.

18  17.  Around the same time, Plaintiff spoke with Defendant over the phone. During the

19  phone conversation, Plaintiff disputed any authority Defendant believed it may

20  have had to access Plaintiff's credit reports.

21  18.  Plaintiff reiterated that Plaintiff did not apply for any loan or credit product and

22  did not authorize Defendant to obtain or access Plaintiff's credit files.

23  19.  During the call, Plaintiff learned that a "technical issue" occurred which resulted

24  in Defendant "conducting a credit inquiry on Plaintiff's credit file."

25  20.  Plaintiff never authorized Defendant to access Plaintiff's credit reports for any

26  reason.

27  21.  Around July 25, 2022, Defendant sent a letter to Plaintiff. The letter explained

28  that Defendant "[D]iscovered we had a technical issue within our system which

First Amended Complaint

1      resulted in Cherry Creek Mortgage (CCM) ordering the consumer's credit report

2      . . ."

3  22.  Defendant's July 25, 2022, letter advised Plaintiff to contact each credit reporting

4      agency to request removal of the illegal and inaccurate inquiry. Defendant

5      notified Plaintiff that he would receive a $350.00 check to "offset the

6      inconvenience of him having to take additional steps to remove this inquiry."

7      This letter and statements by Defendant further support Plaintiff's allegations that

8      Defendant accessed Plaintiff's credit report without a permissible purpose.

9  23.  In a later letter dated July 26, 2022, Defendant confirmed that the "inquiry was

10      made without proper authorization" further demonstrating that Defendant

11      obtained Plaintiff's consumer credit report in violation of 15 U.S.C. § 1681b(f).

12  24.  The July 26, 2022 letter requested that Equifax, Experian and Trans Union

13      remove the unauthorized inquiry from Plaintiff's credit file, further supporting

14      Plaintiff's allegations that Defendant obtained his consumer credit report without

15      a permissible purpose and in violation of 15 U.S.C. § 1681b(f).

16  25.  The FCRA mandates that consumer reports be used or obtained only for

17      permissible purposes enumerated in the statute.

18  26.  Under the FCRA, a "person shall not use or obtain a consumer report for any

19      purpose unless – (1) the consumer report is obtained for a purpose the consumer

20      report is authorized to be furnished" and one other condition is met.

21  27.  Defendant did not obtain Plaintiff's consumer report for any purpose that Plaintiff

22      authorized. Through this conduct, Defendant violated 15 U.S.C. § 1681b(f).

23  28.  The authorized purposes specified in the FCRA include consumer reports

24      furnished "in connection with a credit transaction involving the consumer on

25      whom the information is to be furnished and involving the extension of credit to,

26      or review or collection of an account of, the consumer." 15 U.S.C. §

27      1681b(a)(3)(A).

28

First Amended Complaint

29. Plaintiff did not seek an extension of credit from Defendant and Plaintiff's consumer report was not furnished in connection with a credit transaction involving Plaintiff. Yet, Defendant obtained Plaintiff's consumer credit report anyway.

30. Plaintiff did not authorize Plaintiff's credit file to be furnished to Defendant, and Defendant did not obtain Plaintiff's credit file in connection with any credit transaction involving the extension of credit to Plaintiff. As such, Defendant used and obtained Plaintiff's consumer reports without a permissible purpose.

31. Through this conduct Defendant violated 15 U.S.C. § 1681b(f) and Cal. Civ. Code § 1785.31(a)(3).

32. Defendant's conduct violates a substantive provision of the FCRA intended to protect Plaintiff's substantive privacy interest in Plaintiff's private credit information.

33. Defendant's violation of substantive right invariably offends the interest that the FCRA protects.

34. Defendant's conduct demonstrates an intrusion of highly personal information in violation of the FCRA.

35. Defendant's conduct was highly offensive and not trivial because Plaintiff's credit report contained highly personal information and Defendant deprived Plaintiff the right to keep such information private.

36. By illegally accessing Plaintiff's highly personal information, Defendant included an additional hard inquiry on Plaintiff's credit report which negatively affected Plaintiff's credit score causing it to decrease.

37. As a direct and proximate cause of Defendant's unlawful conduct which had a negative effect on Plaintiff's credit and caused Plaintiff's credit score to decrease, Plaintiff lost opportunities to receive and accept offers of credit.

38. As a result of Defendant's willful action and inaction, Plaintiff suffered from anxiety, frustration, stress, lack of sleep, nervousness, and embarrassment

First Amended Complaint

1    because of Defendant's invasive conduct of illegally obtaining Plaintiff's private
2    and highly sensitive credit information.

3    39.   Defendant's conduct has caused Plaintiff to waste time reviewing Plaintiff's
4    credit reports, waste time with Defendant on the phone, search for an attorney,
5    pay attorney fees, as well as caused Plaintiff to suffer mental and emotional
6    anguish, humiliation, and embarrassment as a result of Defendant's invasive and
7    illegal conduct.

8    40.   Plaintiff seeks statutory damages, actual damages, and injunctive relief under 15
9    U.S.C. § 1681n(a); 15 U.S.C. § 1681o(a); Cal. Civ. Code § 1785.31(a); and Cal.
10   Civ. Code § 1785.31(b).

11                         **CLASS ACTION ALLEGATIONS**

12   41.   Plaintiff brings this lawsuit as a class action on behalf of himself and Class
13   Members of the proposed Classes. This action satisfies the numerosity,
14   commonality, typicality, adequacy, predominance, and superiority requirements
15   of those provisions.

16   42.   Plaintiff proposes the following two Classes consisting of and defined as follows:

17         a. The Impermissible Purpose Class for Violations of the Fair Credit
18            Reporting Act ("FCRA"), consisting of:

19
20            All persons whose credit reports were furnished to Defendant
              without authorization and unrelated to any transaction involving the
21            extension of credit to that person, within the two years prior to the
              filing of the Complaint.
22

23         b. The California Impermissible Purpose Class for Violations of the California
24            Consumer Credit Reporting Agencies Act ("CCRAA"), consisting of;
25
              All persons in California whose credit reports were knowingly
26            obtained by Defendant without authorization and unrelated to any
27            transaction involving the extension of credit to that person, within
              the two years prior to the filing of the Complaint.
28

7

First Amended Complaint

43. Excluded from the Class are: (1) Defendant, any entity or division in which Defendant has controlling interest, and its legal representatives, officers, directors, assigns, and successors; (2) the Judge to whom this case is assigned and the Judge's staff; and (3) those persons who have suffered personal injury as a result of the facts alleged herein.

44. Plaintiff reserves the right to redefine the Class and to add subclasses as appropriate based on discovery and specific theories of liability.

45. <u>Numerosity:</u> The Class Members are so numerous that joinder of all members would be unfeasible and impractical. The membership of the entire Class is currently unknown to Plaintiff at this time; however, given that, on information and belief, Defendant's conduct resulted in thousands of impermissible credit inquires within California and across the Country during the class period, it is reasonable to presume that the members of the Class are so numerous that joinder of all members is impracticable. The disposition of their claims in a class action will provide substantial benefits to the parties and the Court.

46. <u>Commonality:</u> There are common questions of law and fact as to Class Members that predominate over questions affecting only individual members, including, but not limited to:

- Whether Defendant obtained Class Members authorization to use or obtain Class Members' credit reports;
- Whether Defendant obtained Class Members credit files in connection with any transaction involving the extension of credit to Class Members;
- Whether within the statutory period, Defendant obtained or used Class Members credit reports for a purpose not enumerated by the FCRA 15 U.S.C. § 1681f(b) or Cal. Civ. Code § 1785.31(a)(3);
- Whether Plaintiff and Class members were damaged thereby, and the extent of damages for such violation; and

8

- Whether Defendant should be enjoined from engaging in such conduct in the future.

47. <u>Typicality:</u> Plaintiff did not authorize Plaintiff's credit file to be furnished to Defendant, and Defendant did not obtain Plaintiff's credit file in connection with any credit transaction involving the extension of credit to Plaintiff and thus, his injuries are also typical to Class Members.

48. Plaintiff and Class Members were harmed by the acts of Defendant in at least the following ways: Defendant obtained and used Plaintiff's and Class Members' credit file by way of a hard inquiry which negatively affected Plaintiff's and Class Members' credit scores and credit worthiness. Plaintiff and Class Members were damaged thereby.

49. <u>Adequacy:</u> Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class Member with whom he is similarly situated, as demonstrated herein.  Plaintiff acknowledges that he has an obligation to make known to the Court any relationships, conflicts, or differences with any Class Member.  Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement. In addition, the proposed class counsel is experienced in handling claims involving consumer actions and violations of the FCRA and CCRAA. Plaintiff has incurred, and throughout the duration of this action, will continue to incur costs and attorneys' fees that have been, are, and will be, necessarily expended for the prosecution of this action for the substantial benefit of each Class Member.

50. <u>Predominance:</u> Questions of law or fact common to the Class Members predominate over any questions affecting only individual members of the Class. The elements of the legal claims brought by Plaintiff and Class Members are capable of proof at trial through evidence that is common to the Class rather than individual to its members.

First Amended Complaint

51. <u>Superiority:</u> A class action is a superior method for the fair and efficient adjudication of this controversy because:

    a.    Class-wide damages are essential to induce Defendant to comply with Federal and California law.

    b.    Because of the relatively small size of the individual Class Members' claims, it is likely that only a few Class Members could afford to seek legal redress for Defendant's misconduct.

    c.    Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

    d.    Absent a class action, most Class Members would likely find the cost of litigating their claims prohibitively high and would therefore have no effective remedy at law.

    e.    Class action treatment is manageable because it will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would endanger.

    f.    Absent a class action, Class Members will continue to incur damages, and Defendant's misconduct will continue without remedy.

52. Plaintiff and the Class Members have all suffered and will continue to suffer uniform harm and damages as a result of Defendant's unlawful and wrongful conduct. Specifically, because of Defendant's illegal conduct, Plaintiff's and Class Members' credit scores have been negatively affected which prevented Plaintiff and Class Members from receiving and accepting offers of credit. A class action is also superior to other available methods because as individual Class Members have no way of discovering that Defendant conducted inquiries into their credit reports without a permissible purpose.

///

First Amended Complaint

53. The Class may also be certified because:

- the prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudication with respect to individual Class Members, which would establish incompatible standards of conduct for Defendant;

- the prosecution of separate actions by individual Class Members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other Class Members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and

- Defendant acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final and injunctive relief with respect to the members of the Class as a whole.

54. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of Class Members and it expressly is not intended to request any recovery for personal injury and claims related thereto.

55. The joinder of Class Members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the Court. The Class Members can be identified through Defendant's records.

**CAUSES OF ACTION**

**COUNT I**

**THE FAIR CREDIT REPORTING ACT**

**15 U.S.C. § 1681 ET SEQ.**

56. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

57. It is Defendant's practice to obtain consumer reports in the course of considering consumers for new credit products.

First Amended Complaint

58. Defendant used or obtained consumer reports to consider consumers for new credit products even when the consumers had not applied for the products and wherein Defendant had no permissible purpose for the consumer reports.

59. Defendant used or obtained consumer reports without a permissible purpose in connection with unauthorized applications for credit products.

60. The FCRA mandates that consumer reports be used or obtained only for permissible purposes enumerated in the statute. 15 U.S.C. § 1681b(f).

61. Under the FCRA, a "person shall not use or obtain a consumer report for any purpose unless – (1) the consumer report is obtained for a purpose fo which the consumer report is authorized to be furnished" and one other condition is met. 15 U.S.C. § 1681b(f).

62. The authorized purposes specified in the FCRA include consumer reports furnished "in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer." 15 U.S.C. § 1681b(a)(3)(A).

63. Since, Defendant did not obtain consumer reports with the consumers' authorization nor in connection with a credit transaction involving the consumers, Defendant obtained consumer reports without a permissible purpose in violation of 15 U.S.C. § 1681b(f).

64. As a result of each and every negligent violation of the FCRA, Plaintiff and Class Members are entitled to actual damages, pursuant to 15 U.S.C. § 1681o(a)(1) and reasonable attorney fees and costs pursuant to 15 U.S.C. § 1681o(a)(2).

65. As a result of each and every willful violation of the FCRA, Plaintiff and Class Members are entitled to actual damages and statutory damages of not less than $100 and not more than $1,000 and such amount as the court may allow pursuant to 15 U.S.C. § 1681n(a)(1)(A); punitive damages as the court may allow,

First Amended Complaint

1  pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney fees and costs
2  pursuant to 15 U.S.C. § 1681n(a)(3).

### COUNT II

### THE CONSUMER CREDIT REPORTING AGENCIES ACT
### CAL. CIV. CODE § 1785.1, ET SEQ.

66.  Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

67.  The foregoing acts and omissions constitute numerous and multiple violations of the California Consumer Credit Reporting Agencies Act.

68.  It was Defendant's practice to obtain consumer reports in the course of considering consumers for new credit products.

69.  Defendant used or obtained consumer reports to consider consumers for new credit products even when the consumers had not applied for the products and wherein Defendant had no permissible purpose for the consumer reports in violation of Cal. Civ. Code § 1785.31(a)(3).

70.  As a result of such unlawful conduct, Plaintiff and the Class Members were damaged, in an amount according to proof but in an amount of not less than $2,500, pursuant to Cal. Civ. Code § 1785.31(a)(3).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff and Class Members pray that judgment be entered against Defendant, and Plaintiff and the Class Members be awarded damages from Defendant, as follows:

- Certify the Class as requested herein;
- Appoint Plaintiff to serve as the Class Representative for the Class; and
- Appoint Plaintiff's Counsel as Class Counsel in this matter for the Class.

In addition, Plaintiff and the Class Members pray for further judgement as follows against Defendant:

///

13

First Amended Complaint

**IMPERMISSIBLE CREDIT REPORT INQUIRES
UNDER 15 U.S.C. § 1681B(F)**

- $1,000 to each Class Member pursuant to 15 U.S.C. § 1681n(a)(1)(A);
- Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) and 15 U.S.C. § 1681o(2);
- Any other relief the Court may deem just and proper including interest.

**IMPERMISSIBLE CREDIT REPORT INQUIRES
UNDER CAL. CIV. CODE § 1785.31**

- $5,000 to each Class Member pursuant to Cal. Civ. Code § 1785.31(a)(2)(B);
- $2,500 to each Class Member pursuant to Cal 1785.31(a)(3);
- Reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1785.31(a)(1) and Cal. Civ. Code § 1785.31(d);
- Injunctive relief to prevent the further occurrence of such illegal acts pursuant to Cal. Civ. Code § 1785.31(b);
- Any other relief the Court may deem just and proper including interest.

**TRIAL BY JURY**

71.  Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff and Class Members are entitled to, and demand, a trial by jury.

Date:  October 10, 2022                        SWIGART LAW GROUP, APC

By:  *s/ Joshua B. Swigart*
Joshua B. Swigart, Esq.
Josh@SwigartLawGroup.com

Attorneys for Plaintiffs and the putative class

14

First Amended Complaint